Clayton v. Levy.

---

ANNIE M. C. CLAYTON v. LOUIS LEVY.

Upon a motion for judgment on a *postea* which shows an issue sent for trial to the Circuit, a reference thereof by the Circuit judge in a manner which gives to the referee's report the force of a verdict of a jury, pursuant to rule 84, a report of the referee in favor of the plaintiff, and its confirmation by the Circuit judge on notice—*Held*, such confirmation must be presumed to have been made on notice of the filing of the report, pursuant to the requirements of section 181 of the Practice act, and that the entry of judgment on the *postea* could not be opposed on the ground that the referee erred in the legal principles adopted by him in making up his finding, but that the remedy for such error is confined to an application to set aside the report, and for a new trial.

On motion for judgment.

Argued at February Term, 1887, before Justices VAN SYCKEL and MAGIE.

For the motion, *Theodore Ryerson* and *A. Engelbrecht.*

*Contra, Henry Traphagen.*

The opinion of the court was delivered by

, MAGIE, J.   The arguments of counsel have been wholly directed to the question of the correctness of the legal principles adopted by the referee to whom the case was referred in making up his finding.   But that question is not before us, and cannot be considered.   The motion is for judgment upon a *postea.*   When such a motion is opposed, the court can only look at the record and the *postea,* and determine thereon whether the plaintiff is entitled to judgment.   *Caldwell* v. *Estell, Spencer* 326.

Defendant's counsel insist that the propriety of the referee's rulings is before us on the question of the confirmation of his report.   But no motion to confirm the report has been made before us, and it appears by the *postea* that such a motion was made before the Circuit judge, upon due notice, and that the judge duly confirmed the report, as he is empowered to do. *Practice Act, Rev., p.* 876, § 179.

It is further insisted that such confirmation was ineffective because no notice of the filing of the report was given as required.   *Rev., p.* 876, § 181.   The *postea* does not show that such a notice was given, but since such a notice seems to be a prerequisite to confirmation, we must assume that when confirmation was ordered the notice was shown to have been given.   We are, therefore, confined to an examination of the record and *postea.*

The record shows an issue regular in form.   The *postea* shows that the issue was sent to the Circuit for trial, and that the judge presiding over the Circuit referred the case to a referee, with the consent of both parties, and in such manner that by force of the rule the award of the referee is to be

treated as the verdict of a jury. *Corbin's Sup. Ct. Rules, p.* 82. By the construction put on this rule by this court and the Court of Errors, the only remedy for legal error on the part of a referee is by an application to set aside the report and for a new trial. *Runyon* v. *Hodges,* 17 *Vroom* 359 ; *Children's Home* v. *Hall,* 18 *Vroom* 152. No such application appears to have been made to the Circuit judge and none has been made to us.

The result is that all we have before us is the reference, the report in favor of plaintiff, and its confirmation on notice. We can no more consider the illegal rulings of the referee on the motion to enter judgment than we could consider the illegal rulings of the judge in the trial of the case if the *postea* showed a trial by jury.

Let judgment be entered on the *postea.*